IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07- _____

MATTHEW BRANDT,

    Plaintiff,

v.

RITE OF PASSAGE, INC., a foreign corporation,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff, Matthew Brandt, by and through his attorney, R. Neal Mynatt, L.L.C., for his complaint against Defendant, states as follows:

### GENERAL ALLEGATIONS

1. This action arises under the laws of the United States, particularly under 42 U.S.C. §1983, over which this Court has federal question jurisdiction under 28 U.S.C. §1331 and 1343. Venue is proper within this District under 28 U.S.C. §1391(b). This controversy is between citizens of different states, and involves a sum in excess of $75,000.00, exclusive of interest and costs. Therefore, this Court has subject matter jurisdiction over the state law claim made herein pursuant to 28 U.S.C. §1332.

2. At all times relevant hereto, Plaintiff has been a citizen of the United States and a resident of La Plata County, Colorado.

3. Defendant is a foreign corporation with its principal place of business in Nevada. At all relevant times, Defendant operated a juvenile correction

facility located in La Plata County Colorado. The facility, known as "The Denier Center," was operated by Defendant pursuant to a contract or contracts with the State of Colorado and/or other Colorado political subdivisions.

4. Defendant was at all relevant times a "person" within the meaning of 42 U.S.C. §1983.

5. Defendant employed Plaintiff from approximately February 2005 until August 22, 2005.

6. In July 2005, the management of Defendant made it known to Plaintiff that Defendant was expecting an audit by the State of Colorado of The Denier Center. The audit was to occur in late August 2005.

7. In advance of that audit, DeNier Center managers Troy Erickson and Karen Arlt began a systematic cover-up of problems at the DeNier center. This includes, without limitation, instructing Plaintiff to forge room check sheets and unit inspection logs. Plaintiff refused to forge any documents or to otherwise participate in the scheme to deceive the state auditors.

8. On April 23, 2005, Plaintiff and his then supervisor, Jeremiah Wedding, were involved in a physical intervention of a student.

9. After the incident, Mr. Wedding instructed Plaintiff to complete a *Physical Intervention Report* and allow Mr. Wedding to review it after completion.

10. Mr. Brandt completed the report, which included confirming that the student had alleged abuse.

11. After reviewing the report, Mr. Wedding questioned Plaintiff's indication in the report that the student had alleged abuse. He told Mr. Brandt that a student allegation of abuse could cause problems and that Mr. Brandt's completion of the form including this allegation must have been a "mistake." Plaintiff, however, refused to change the report and advised Mr. Wedding that it was not a mistake.

12. The Director of The Denier Center the time, Mr. Troy Erickson, also approached Plaintiff and suggested that his notation of alleged abuse by the student must have been a "mistake." Plaintiff told Mr. Erickson that it was not a mistake and that there had been an allegation by the student of abuse.

13. In approximately late July/early August 2005, Plaintiff was again approached by Mr. Erickson, who advised Plaintiff that including the allegation of abuse in the report might cause problems in advance of the expected audit. He again asked Plaintiff whether Plaintiff wished to drop the allegation of abuse contained in the report. Plaintiff told Mr. Erickson that the report was accurate and refused to change the report.

14. Mr. Erickson, Mr. Wedding, and Ms. Arlt were at all times acting within the scope of their employment with Defendant and were agents of the Defendant.

15. On August 22, 2005 Plaintiff was discharged from his employment for his outspoken refusal to participate in the scheme to deceive auditors,

including, without limitation, his refusal to falsify records and his exercise of his constitutional rights of free speech on matters of public concern.

16. Plaintiff's interest in engaging in the speech outweighed Defendants' interest in regulating it. The speech was a substantial motivating factor behind the decision to terminate Plaintiff's employment.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. §1983

17. Plaintiff incorporates paragraphs 1-16 above as though fully set forth herein.

18. Mr. Erickson, Mr. Wedding, and Mr. Arlt were acting pursuant to a formal or informal policy, custom or decision of Defendant.

19. Defendant, acting under color of state law, deliberately, intentionally and/or recklessly deprived Plaintiff of his right to free speech, as protected by the First Amendment to the United States Constitution.

20. Defendant's conduct violated the provisions of 42 U.S.C. §1983.

21. Defendant acted willfully, maliciously, and with callous and reckless indifference to and disregard of Plaintiff's constitutional rights.

22. As a direct and proximate result of Defendant's violation of 42 U.S.C. §1983, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, experience, and reputation, in addition to emotional distress, inconvenience and loss of enjoyment of life, all to his damage, and all to the past, present and future, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF : WRONGFUL DISCHARGE IN VIOLATION OF COLORADO PUBLIC POLICY

23. Plaintiff incorporates paragraphs 1-22 above as though fully set forth herein.

24. As described herein, Defendant directed Plaintiff to perform an illegal act as part of his work-related duties and/or prohibited Plaintiff from performing a public duty or exercising an important job-related right.

25. As described herein, the action directed by Defendant would violate a statute relating to the public health, safety, or welfare, or would undermine a clearly expressed public policy relating to Plaintiff's basic responsibility as a citizen or employee's right or privilege as a worker.

26. Plaintiff was terminated as a result of refusing to perform the act directed by Defendant.

27. Defendant was aware or reasonably should have been aware that Plaintiff's refusal to comply with the orders or directives was based on Plaintiff's reasonable belief that the action ordered was illegal, contrary to clearly expressed statutory policy relating to Plaintiff's duty as a citizen, or violative of Plaintiff's legal right as a worker.

28. Defendant's discharge of Plaintiff constitutes wrongful discharge in violation of the public policy of the State of Colorado.

29. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, experience, and reputation, in addition to emotional distress,

      inconvenience and loss of enjoyment of life, all to his damage, and all to the past, present and future, in an amount to be determined at trial.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant as follows:

  A. General and special damages according to proof;

  B. Pre- and post-judgment interest from the date of injury forward, to the extent allowed under federal and state law;

  C. Costs of suit, including expert and other witness fees;

  D. Attorney's fees pursuant to 42 U.S.C. §1988; and

  E. Such other relief as this Court may deem appropriate.

LAW OFFICE OF R. NEAL MYNATT, L.L.C.


_/s/  R. Neal Mynatt_____
R. Neal Mynatt
679 East Second Avenue, Suite 7
Durango, CO 81301
(970) 259-2602
Attorneys for Plaintiff