IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-CV-01773-REB-KLM

MATTHEW BRANDT,

    Plaintiff,

v.

RITE OF PASSAGE, INC., a foreign corporation,

    Defendant.

## STIPULATED CONFIDENTIALITY ORDER

Pursuant to FED. R. CIV. P. 26(c), Plaintiff Matthew Brandt (hereinafter "Brandt") and Defendant Rite of Passage, Inc. (hereinafter collectively "Rite Of Passage"), agree that this Order shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admissions, inspections, examinations of premises, facilities and physical evidence, and any other information produced, given or exchanged by and among the parties and non-parties to this action.

### RECITALS

1.   Brandt has commenced the above-captioned action against Rite Of Passage for alleged violations of 42 U.S.C. section 1983 and wrongful discharge in violation of public policy. Rite Of Passage denies Brandt's allegations.

2. Some of the information sought and/or produced through discovery in this case may contain or consist of information that the producing party claims is confidential, proprietary or trade secret information and therefore entitled to protection under one or more of the provisions of Fed. R. Civ. P. 26(c)

3. Nothing in this Stipulated Order is intended, nor shall it be construed, as either a waiver or an admission that any particular documents or information are admissible or contain either confidential, proprietary business information, or trade secrets. This Stipulated Order is simply a procedural framework to facilitate the discovery and settlement process and/or provide protections concerning documents and information exchanged between and among the parties and non-parties in this case. No part of this agreement shall be used in this action or any other action as evidence that any party has either waived or admitted to, any claims solely by virtue of the act of designating documents or information as confidential, personal or proprietary business information, and/or trade secrets.

4. Based on these recitals and the terms of disclosure that follow, the parties have agreed to this Stipulated Order to facilitate the efficient production of information that the producing party may claim is entitled to confidential treatment, while at the same time, protecting the parties' interests in the confidential treatment of that information and the full and fair disclosure of discoverable information in this action.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1. "Confidential Discovery Material" means Discovery Material designated as "Confidential" under the terms of this Order.

2. "Designating Party" means any party to this action who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

3. "Discovery Material" means all documents (whether in hard copy or electronic format), depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, responses to requests for document production, for admissions, for inspection, and for examination of premises, facilities and physical evidence, witness interviews, information exchanged in settlement discussions, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties and non-parties to this action.

4. "Producing Party" means any party to this action producing Discovery Material.

## PROVISIONS

**Designation Procedure.**

1. Any party to this action may designate any Discovery Material as "Confidential" under the terms of this Stipulated Order, and unless and until that designation is challenged by another party and overturned by the Court, any Discovery

Material so designated shall be treated as "Confidential Discovery Material" under this Order.

2. The burden shall be on the party making the designation ("Designating Party") to prove, when and if challenged, that such Discovery Material contains non-public, proprietary, commercially sensitive, competitively sensitive, trade secret or personal information that requires the protections provided in this Order.

3. Subject to the foregoing, Confidential Discovery Material may include, but is not limited to, the following types of information:

(a) Non-public revenue, cost, income, pricing, margin, profit, loss, income statement, balance sheet, cash flow, sources and uses of cash, or other non-public financial data, including financial projections and forecasts containing such data;

(b) Non-public information relating to advertising, marketing, or development strategies;

(c) Any material constituting a trade secret, including, without limitation, business and system specifications, methods of operation, operating plans and manuals, financial, research and development plans, images, records and data, marketing and promotional data and materials, surveys and analyses, methodologies, formulae, specifications, and pricing information;

(d) Non-public studies or analyses by internal or outside experts or consultants (excluding testifying experts in this case); and

(e) Any other material qualifying for protection under FED. R. CIV. P. 26(c)(7).

4. Confidential Discovery Material, and information derived from Confidential Discovery Material, shall be used solely for purposes of this action and solely in accordance with the terms of this Stipulated Order and shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

5. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Designating Party:

(a) In the case of electronic files or documents, by stamping the disk containing the files or documents as "Confidential".

(b) In the case of documents (apart from recorded testimony), by stamping each and every page to be designated "Confidential" with the legend "Confidential;"

(c) In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said testimony is "Confidential." Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned. To be effective, such notice must be sent within 14 days of the date on which the reporter mails a copy of the transcript to counsel for the Designating Party, or, if such counsel has not ordered a transcript, within 14 days of the date that the reporter notifies counsel that the original transcript is available for review. In either event, counsel shall direct the court reporter and/or counsel to affix the appropriate

confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

~~(d) In the case of mutually agreed upon joint witness interviews (should~~ any be agreed to), by a statement of counsel during the interview in the presence of other counsel attending, if any, and following the interview, by a letter to such counsel, if any, that such interview or a specifically identified portion thereof is "Confidential.

(e) In the case of any other exchange or production of Discovery Materials not otherwise specifically identified above, including but not limited to computer storage devices, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or a specifically identified portion thereof is "Confidential."

(f) The parties to this Order may modify the procedures set forth in paragraphs 5(b)-(d) of this Order only by a written agreement signed by counsel for all parties.

6. To the extent that one party views certain of its Discovery Materials as so sensitive as to require protection beyond that afforded by this order, it is to notify the other parties of that fact and of the additional protections sought in writing, and the parties are to attempt to reach agreement on a written protocol to control the use and disclosure of those materials. If the parties cannot reach an agreement on such a written protocol as to those materials, any of the parties may seek a protective order or other relief specific to those materials from the Court.

**Designation Disputes.**

7. If any party objects to the designation of any Discovery Materials as "Confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are unable to resolve the dispute informally, the objecting party may move for relief from this Order with respect to the challenged discovery materials. If the objecting party makes such a motion, the Discovery Material shall continue to be deemed "Confidential" under the terms of this Order, until the Court rules on such motion. In any proceeding to release Confidential Discovery Material from its designation, or to change the designation of any such material, the burden shall be upon the Designating Party to sustain the burden of establishing the appropriateness of the classification under Fed. R. Civ. P. 26(c). A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

**Disclosure Of Confidential Discovery Material.**

8. Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom *provided however* that the Disclosing Party complies with Paragraph 11, below;

(b) Counsel of record for the named parties, in-house counsel for the corporate parties to this action, employees of the corporate parties to whom and only to

the extent that disclosure is reasonably necessary for prosecution or defense of the action, and legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

(c) Experts or consultants retained by counsel in connection with this action in accordance with the terms of paragraph 9;

(d) Deposition witnesses questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) the witness signs an Undertaking in the form attached as Exhibit A and agrees to be bound by the terms of this Order, or (ii) if the witness refuses to sign an Undertaking, and the witness' refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to the Confidentiality Order in this case, may be used only in connection with that deposition and may not be communicated to any other person, that the witness is subject to the Confidentiality Order and that any misuse of the Confidential Discovery Material will violate the Court's Order and will be punishable as a contempt of Court.

(e) An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that the author or recipient signs an Undertaking in the form attached as Exhibit A and agrees to be bound by the terms of this Order.

(f) The parties' counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action and the claims counsel or representative signs an Undertaking in the form attached as Exhibit A and agrees to be bound by the terms of this Order.

(g) Any individual identified by a party as a person with knowledge under Rule 26, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that the individual signs an Undertaking in the form attached as Exhibit A and agrees to be bound by the terms of this Order.

**Use of Confidential Discovery Material.**

9. Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling the expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions, or to otherwise assist counsel in the prosecution or defense of this action. Before receiving any such material, the consultant or expert shall sign an Undertaking in the form attached to this Order as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use Confidential Discovery Materials for purposes other than those permitted pursuant to the terms of this Order.

10. No copies of Confidential Discovery Materials shall be made except by or counsel for a party or legal, clerical, paralegal and secretarial staff employed or retained

by such counsel. To the extent authorized persons make or obtain copies of Confidential Discovery Materials, any copies shall be used solely for the purposes of this action and in accordance with the provisions of this Order.

~~11. Any party who desires to file documents under seal must move the Court~~ to file the documents under seal pursuant to D.C.Colo.LCivR 7.2 and 7.3. Documents may be filed under seal with the Clerk or pursuant to the District of Colorado's ECF User Manual.

(a) When filing any documents that contain information designated Confidential Discovery Material in hard copy with the Clerk, such documents shall be filed in sealed envelopes with a copy of a cover page affixed to the outside of the envelope.

(i) The cover page must include:

(ii) The case caption;

(iii) The title of the paper or document;

(iv) The name, address and telephone number of the attorney or pro se party filing the paper or document;

(v) A notation that the paper or document is filed under seal;

(vi) The title and date of the court order pursuant to which the paper or document is sealed, if applicable; or

(vii) The citation of the statute or other authority pursuant to which the paper or document is sealed, if applicable.

10

(b) Additionally, the cover sheet will bear a statement substantially in the following form:

**CONFIDENTIAL**

~~FILED UNDER SEAL PURSUANT TO AN ORDER DATED~~
**_____, 2007, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR REVEALED EXCEPT BY OR TO COURT PERSONNEL OR BY COURT ORDER.**

(c) All materials filed under seal shall be released from confidential treatment only upon further order of the Court.

12. In the event that any Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information in camera. No party, other than the party who designated the particular material as Confidential Discovery Material shall offer Confidential Discovery Material into evidence, or otherwise tender Confidential Discovery Material to the Court in any court proceeding, without first advising the Court and the Designating Party of its intent to do so. At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records. The use of Confidential Discovery Material in any court proceeding shall not

limit in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

13. The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material was produced, all persons having received Confidential Discovery Material shall either return all Confidential Discovery Material and all copies of Confidential Discovery Material (including summaries and excerpts) to the Producing Party or its counsel or destroy all such Confidential Discovery Material and certify in writing to the Designating Parties or their counsel that such destruction has occurred. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product that contain Confidential Discovery Material or references to Confidential Discovery Material; provided that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such court papers or attorney work product except pursuant to court order or agreement with the Designating Party.

14. If any person in possession, custody or control of Confidential Discovery Material, other than the Designating Party for that Confidential Discovery Material, is served with a subpoena, demand, or any other legal process seeking Confidential Discovery Material by someone not a party to this action, the receiving party shall give

prompt written notice, by hand or facsimile transmission within forty-eight (48) hours of its receipt of the subpoena, demand or legal process, to the Designating Party. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Confidential Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

15. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of the executed Order to all other counsel in this action.

16. Nothing in this Order, the production or receipt of Confidential Discovery Material, nor otherwise complying with the terms of this Order, shall:

(a) Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that (1) the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material; or (2) that such Confidential Discovery Material is a trade secret or confidential or proprietary information as a matter of law;

(b) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion of any document), testimony or other evidence subject to this Order;

(c) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the party asserts requires or should be subject to other or further protection;

(d) Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular Discovery Material;

(e) Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential;"

(f) Prevent any party to this action from using, for any purpose, and in any manner, Confidential Discovery Material that the party produced and designated as Confidential Discovery Material in connection with this action; or

(g) Preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

17. This stipulation shall be binding on the parties prior to its entry as an Order. Should the Court not enter this stipulation as an Order, it shall remain binding upon the parties until such time as the Court enters a different protective order providing substantially similar protections to those contained in this stipulation.

18. In addition to the foregoing provisions and because of the expected volume of documents, files, and other Discovery Material in this case, the parties recognize that disclosed Discovery Material may inadvertently include attorney-client and/or work product privileged information. The parties agree to return such material, and all copies thereof, within three business days of receipt of written designation of the inadvertently produced privileged material from the producing party, provided that a non-producing party may, after returning the designated Discovery Material, challenge the privileged status of the designated material using the procedure set forth in Paragraph 7 of this Order The parties further agree not to view or copy such material to the extent not previously viewed or copied unless and until it is determined that the designated material is not privileged. The inadvertent production of privileged Discovery Material shall not, by itself, constitute a waiver of the attorney client or work product privilege.

DATED this 21st day of July, 2008.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE

SO STIPULATED AND APPROVED:

DATED: July 25, 2008                                    DATED: July 25, 2008

s/ R. Neal Mynatt                                       s/ Katherine Dix

R. Neal Mynatt, Esq.                                    Lawrence W. Marquess
Law Office of R. Neal Mynatt, LLC                       Katherine Dix
679 East Second Avenue, Suite 7                         LITTLER MENDELSON P.C.
Durango, CO 81301                                       1200 17th Street, Suite 1300
                                                        Denver, CO 80202-5835
                                                        Telephone: 303.629.6200
                                                        Facsimile: 303.629.0200

ATTORNEY FOR PLAINTIFF                                  ATTORNEYS FOR DEFENDANT
MATTHEW BRANDT                                          RITE OF PASSAGE, INC.


Firmwide:85627463.1 027330.2012