IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 07-cv-01773-CMA-KLM

MATTHEW BRANDT,

    Plaintiff,

v.

RITE OF PASSAGE, INC., a foreign corporation,

    Defendants.

---

# ORDER AND MEMORANDUM OF DECISION

---

This is a wrongful discharge case. Plaintiff Matthew Brandt alleges that Defendant Rite of Passage, Inc., wrongfully discharged him in violation of Colorado public policy. This matter comes before the court on Defendant's motion for summary judgment. (Dkt. # 58.) Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

## FACTS

### 1. *Factual Background*

Based upon the evidence submitted,[1] which the Court construes in the light most favorable to the Plaintiff, the Court finds for the purposes of this motion as follows:

---

[1] As discussed more fully below, Plaintiff has not proffered any evidence of his own in response to Defendant's motion for summary judgment. (*See* Facts § 2, *infra*.) Pursuant to this court's local rules, "[n]othing . . . precludes a judicial officer from ruling on a motion at any time after it is filed." D.C.COLO.LCivR 7.1C (2008).

### a. Overview of the Parties

Defendant operates or manages programs for delinquent, dependent, or privately placed youth, including the Robert E. DeNier Youth Service Center (the "DeNier Center") in Durango, Colorado. The DeNier Center provides secure residential treatment services for juvenile clients pursuant to a contract for services with the Colorado Division of Youth Corrections.

On or around February 23, 2005, Defendant hired Plaintiff to work at the DeNier Center as a night watchman. On or around April 21, 2005, Defendant transitioned Plaintiff to day staff as a Coach Counselor.

### b. Alleged Student Abuse

On or around April 23, 2005, Plaintiff and his shift supervisor took a non-compliant student athlete to his room for timeout. While removing items from this room that the student might use to injure himself or commit suicide, Plaintiff's supervisor got into a tug-of-war with the student over the bedding. Plaintiff's supervisor fell into the student, accidentally hitting him with his elbow.

In accordance with Colorado state law, Defendant requires its staff members to immediately report suspected or alleged child abuse to management and the Human Services Department of La Plata County. Specifically, Defendant's internal policies require staff members to give immediate verbal reports of alleged abuse to their supervisors, and to follow-up with a written incident report within twenty-four hours of the allegation, or shift change, which occurs first. Also pursuant to these policies, staff

members must provide "[i]mmediate notification . . . to the abuse investigator of Human Services of La Plata County."

Following the April 23, 2005, incident, Plaintiff did not immediately notify the La Plata County Human Services Department of any alleged abuse. Instead, later in the week, Plaintiff provided his supervisor with a draft report stating that the student athlete had alleged abuse.

In late July or early August 2005, the Director of the DeNier Center received Plaintiff's report of the incident. After this Director directed Plaintiff to prepare a more detailed report, the Director notified the Human Services Department of La Plata County of the alleged abuse.

On or around August 14, 2005, Plaintiff received a written reprimand from Defendant for failing to timely submit a complete report regarding the alleged abuse, and for failing to report this alleged abuse to the Human Services Department of La Plata County.

   *c.* ***Administrative Seclusion Incident***

On August 17, 2006, Plaintiff was left in charge of the DeNier Center by its Director. That night, Plaintiff monitored a student athlete on administrative seclusion. Pursuant to rules promulgated by the State of Colorado, Plaintiff was required to observe this student athlete every fifteen minutes to guard against suicide. Pursuant to even stricter internal policies adopted by Defendant, Plaintiff was required to monitor this student every ten minutes for this same reason.

Plaintiff began monitoring the student at 7:03 or 7:07 p.m., and thereafter observed the student at the following times: 7:33., 7:42, 7:55, 8:03, and 8:15 p.m. The student was taken off of administrative seclusion at 9:22 p.m.

That same evening, a Colorado state official conducted an unscheduled compliance inspection at the DeNier Center. As part of this inspection, the official reviewed the administrative seclusion log, and warned Plaintiff that his 7:33 p.m. observation of the student athlete had been untimely.

On August 18, 2007, this Colorado state official spoke with the Director of the DeNier Center and informed him of Plaintiff's failure to conduct timely observations of the student athlete in administrative seclusion. That same day, Plaintiff was suspended from his job pending an investigation of the incident and appropriate formal discipline.

### *d.     Plaintiff's Attempted Resignation and Discharge*

On August 19, 2005, Plaintiff submitted his resignation to Defendant via letter. In the letter, Plaintiff listed his reasons for resigning as follows: (1) the strain of various work-related tasks; (2) his working relationship with his shift supervisor; (3) the lack of a mentor; (4) his allegedly unfair evaluation by a staff member with little experience; and (5) his belief that his job provided him with too much responsibility. Plaintiff's resignation letter established the effective date of his resignation as September 2, 2005.

On August 25, 2008, following its investigation of the August 17, 2007, administrative seclusion incident, Defendant terminated Plaintiff after concluding that his

failure to follow the administrative seclusion rules suggested that he could not be trusted with the safety of the student athletes.

### e. *Alleged Violation Colorado Public Policy*

In his deposition, Plaintiff asserted that his termination was related to his refusal to "falsify documents in advance of a state audit of the DeNier facility." Plaintiff testified that the only documents Defendant asked him to falsify were unit inspection logs, which are check sheets staff members fill out to make sure the student athletes keep their rooms clean. Such documents were created by the Director of the DeNier Center for internal management purposes, and are not required by the center's contract with the State of Colorado. Such documents are also not included in the state's audit of the DeNier Center.

## 2. *Procedural History*

On August 22, 2007, Plaintiff filed a complaint in this court, alleging: (1) deprivation of his First Amendment right to free speech in violation of Section 1983; and (2) wrongful discharge in violation of Colorado public policy. On September 29, 2008, Plaintiff stipulated the dismissal of his Section 1983 claim.

On September 30, 2008, Defendant moved for summary judgment on Plaintiff's wrongful discharge claim, arguing that Plaintiff: (1) could not identify an act directed by Defendant that violated a specific statute or other clearly expressed public policy of the State of Colorado; and (2) could not demonstrate that he was terminated for refusing to perform an act in violation of public policy.

5

On October 17, 2008, Plaintiff filed an unopposed motion for an extension of time until October 27, 2008, to file his response to Defendant's motion for summary judgment. On October 27, 2008, Plaintiff filed a second motion requesting until November 4, 2008, in which to file his response.

On October 28, 2008, the Court addressed Plaintiff's second motion for an extension of time in which to file his response, noting:

> The Court has reviewed Plaintiff's motion and notes that it was not filed until the day Plaintiff's response was due. The Court has also reviewed the entire file in this matter and notes that one extension of time to respond to this dispositve motion has already been granted Plaintiff. The Court further notes that trial in this matter is scheduled to begin November 17, 2008.

Based on these observations, the Court ordered Plaintiff to respond to Defendant's motion for summary judgment "by 4:00 p.m. on Friday, October 31, 2008."

On October 31, 2008, a final trial preparation conference was held in this matter during which the Court granted Plaintiff's third, oral motion for an additional extension of time in which to file his response. Plaintiff was granted until November 3, 2008, in which to file this document.

On November 4, 2008, after Plaintiff had failed to file his response, Defendant moved to strike any such response as eventually filed as untimely in light of this Court's order. Specifically, Defendant represented that "[t]rial in this matter is currently set to begin thirteen days from today . . . and the passage of time prejudices [Defendant] in the preparation of its reply and incurring the continued costs of preparing for trial due to delay in consideration of the motion, should the motion be granted."

6

On November 4, 2008, the Court issued an order to show cause to Plaintiff, directing him to demonstrate in writing: "(1) why a sanction should not be imposed upon him for failing to comply with the local rules and this court's order; and (2) why [Defendant's] motion for summary judgment should not be granted, either on the merits, or as a sanction for failure to comply with the local rules."

On November 4, 2008, Plaintiff responded to my order to show cause, representing that he had actually completed his response to Defendant's motion by November 3, 2008, but that he "was (and has been) unable to extract the document from the computer on which it was completed in order to file the response with the Court." Plaintiff represented that he would complete this process by "5:00 p.m. November 5, 2008."

On November 5, 2008, Plaintiff filed a fourth and final motion for an extension of time in which to file his response, representing that "[t]hough [he] anticipated the ability to complete the response by the close of business [on November 5, 2008], and despite his best efforts, he has been unable to do so."

On November 6, 2008, the Court partially granted Plaintiff's final motion for an extension of time in which to file his response, ordering him to file this response by 12:00 p.m. on that same day. In that order, the Court also partially granted Defendant's motion to strike Plaintiff's response as untimely, advising both parties that Defendant's motion for summary judgment would be ruled upon whether or not Plaintiff filed his

response by 12:00 p.m. Plaintiff did not timely file his response. As of the date of issuance of this Order, Plaintiff has also not responded to the Court's order.

## ANALYSIS

### 1. *Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2008); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e)(2) (2008). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may

consider only admissible evidence when ruling on a summary judgment motion.  *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).  The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment.  *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## 2. *Evaluation*

The two issues before this Court are: (1) whether Plaintiff's wrongful discharge claim should be dismissed as a sanction for his failure to follow this Court's orders; and (2) whether Defendant's motion for summary judgment should be granted on its merits.  Each issue is discussed in turn as follows.

### a. *Dismissal of Plaintiff's Wrongful Discharge Claim As a Sanction for His Failure to Follow This Court's Orders*

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."  F.R.Civ.P. 41(b) (2008).  This rule has been interpreted as permitting courts to dismiss actions *sua sponte* when a litigant fails to follow "any order of court."  *See Powell v. Rios*, 241 F. App'x 500, 506 (10th Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 [1962]).  When a court employs Rule 41(b) to dismiss a complaint with prejudice, the court must consider the five so-called *Ehrenhaus* factors, namely: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the litigant in advance that dismissal would be a likely sanction for

9

non-compliance; and (5) the efficacy of lessor sanctions. See *Nacious*, 492 F.3d at 1162; *see also Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). Similarly, under this court's local rules:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge . . . may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1 (2008).

In the instant case, the Court finds for the following reasons that dismissal of Plaintiff's wrongful discharge claim is appropriate under both Rule 41(b), and this court's local rules.

### *(1)* *Rule 41(b) Dismissal*

With respect to the degree of actual prejudice accruing to Defendant from Plaintiff's failure to timely respond to the motion for summary judgment, the Court notes that Plaintiff's repeated failure to respond to this motion has severely prejudiced Defendant by: (1) depriving it of adequate time to reply to Plaintiff's response before the November 17, 2008, trial; and (2) forcing Defendant to unnecessarily prepare for this trial in the event that its summary judgment motion is granted. Accordingly, the Court finds this factor militates in favor of dismissing Plaintiff's wrongful discharge claim.

With respect to the effect of Plaintiff's dilatory actions upon the judicial process, the Court notes that Plaintiff's repeated requests for extensions of time have: (1) necessitated this Court's continual review of his file; (2) resulted in the issuance of

an unnecessary order to show cause and multiple other orders addressing Plaintiff's repeated requests for extensions of time; and (3) disrupted this Court's ability to adequately prepare for the November 17, 2007, trial in light of the Court's uncertainty regarding whether Plaintiff's claims will be of disposed of on summary judgment. Accordingly, the Court finds this factor also militates in favor of dismissing Plaintiff's wrongful discharge claim.

With respect to Plaintiff's culpability, the Court notes that Plaintiff has proffered no compelling explanation for his repeated failure to satisfy this court's deadlines. On the contrary, in his response to my order to show cause, Plaintiff represented only that he "was (and has been) unable to extract the document from the computer on which it was completed." Similarly, in his fourth and most recent request for an extension of time, Plaintiff tenders no explanation at all, instead simply reciting that he has been unable to satisfy his own self-imposed deadline, "despite his best efforts." Because the Court finds no evidence suggesting that any factor other than Plaintiff's neglect of his duties has led to his violation of its orders, the Court finds that his culpability militates in favor of dismissing his wrongful termination claim.

With respect to whether the Court warned Plaintiff in advance that dismissal would be a likely sanction for non-compliance with its orders, it is noted that the Court's Order to Show Cause explicitly stated: "Failure to show good cause may result in sanctions, *including the granting of the motion for summary judgment and dismissal of*

*the case with prejudice.*" (Doc. # 100 [emphasis added].) Accordingly, the Court finds that this factor also militates in favor of dismissal.

Finally, with respect to the efficacy of lesser sanctions, the Court notes that Plaintiff has repeatedly ignored my orders and deadlines, and has apparently disregarded other Federal Rules of Civil Procedure, as demonstrated by Magistrate Judge Mix's issuance of her own order to show cause on an unrelated matter (*see* Doc. # 20). In light of this litigation conduct, the Court finds that any lesser sanction than dismissal of Plaintiff's wrongful discharge claim with prejudice would not adequately deter him from continuing to disregard of this Court's orders and rules.

Based on the foregoing, the Court finds Plaintiff's wrongful discharge must be dismissed with prejudice under Rule 41(b).

### *(2) Dismissal Under This Court's Local Rules*

Additionally and alternatively, the Court finds that dismissal of Plaintiff's wrongful discharge claim is appropriate under this court's local rules due to Plaintiff's failure to show good cause for his failure to timely file his response. *See* D.C.COLO.LCivR 41.1 (2008) (stating that "[i]f good cause is not shown within the time set in the show cause order, a district judge . . . may enter an order of dismissal with or without prejudice"). As noted above, Plaintiff's response to this Court's order to show cause recited merely that his failure to satisfy his November 3, 2008, deadline was due to his inability "to extract the document from the computer on which it was completed." (Doc. # 101) The Court

finds this questionable explanation insufficient to demonstrate good cause for Plaintiff's neglect of his deadlines.

Based on the foregoing, the Court additionally and alternatively finds that Plaintiff's wrongful discharge claim must be dismissed with prejudice under this court's local rules.

### b. *Defendant's Motion for Summary Judgment on the Merits*

Although the Court finds that Plaintiff's wrongful discharge claim must be dismissed as a sanction for his litigation conduct under Rule 41(b) and this court's local rules, the Court additionally finds for the following reasons that Defendant's motion for summary judgment should alternatively be granted on its merits.

To establish a *prima facie* case of wrongful discharge in violation of public policy under Colorado law, an at-will employee must present evidence that: "(1) 'the employer directed the employee to perform an illegal act as part of the employee's work related duties or prohibited the employee from performing a public duty or exercising an important job-related right or privilege'; (2) 'the action directed by the employer would violate a specific statute relating to the public health, safety, or welfare, or would undermine a clearly expressed public policy relating to the employee's basic responsibility as a citizen or the employee's right or privilege as a worker'; (3) 'the employee was terminated as the result of refusing to perform the act directed by the employer'; and (4) 'the employer was aware, or reasonably should have been aware, that the employee's refusal to comply with the employer's order or directive was based

on the employee's reasonable belief that the action ordered by the employer was illegal, contrary to clearly expressed statutory policy relating to the employee's duty as a citizen, or violative of the employee's legal right or privilege as a worker.'" *Bonidy v. Vail Valley Ctr. for Aesthetic Dentistry*, 186 P.3d 80, 83 (Colo. Ct. App. 2008) (quoting *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 109 [Colo. 1992]).

With respect the second element of a *prima facie* case of wrongful discharge in violation of public policy, the Court notes that state statutes, regulations, or rules of professional conduct may qualify as adequate sources of Colorado public policy, but that "'[n]ot all potential sources of public policy are of sufficient gravity to outweigh the precepts of at-will employment.'" *Id.* (quoting *Crawford Rehab. Servs., Inc. v. Weissman*, 938 P.2d 540, 553 [Colo. 1997]). Whether a particular statutory provisions or other source "'qualif[ies] as [a] clear expression[[ of public policy is a matter for judicial determination.'" *Id.* (quoting *Flores v. Am. Pharm. Servs., Inc.*, 994 P.2d 455, 458 [Colo. Ct. App. 1999]).

In the instant case, Defendant argues that: (1) Plaintiff cannot identify an act directed by Defendant that violated a specific statute or other clearly expressed public policy of the State of Colorado; and (2) Plaintiff cannot demonstrate that he was terminated for refusing to perform an act in violation of public policy. This Court need only address Defendant's first argument.

The undisputed evidence currently before me demonstrates that, in his deposition, Plaintiff asserted that his termination was related to his refusal to "falsify

documents in advance of a state audit of the DeNier facility."  Moreover, this undisputed evidence demonstrates that Plaintiff testified that the only documents Defendant asked him to falsify were unit inspection logs, which are check sheets DeNier Center staff members fill out to make sure the student athletes keep their rooms clean.  Finally, the undisputed evidence demonstrates that unit inspection logs: (1) are kept for DeNier Center's internal management purposes; (2) are not required by the DeNier Center's contract with the State of Colorado; and (3) are not included in the state's audit of the DeNier Center.

In the absence of any proffered evidence suggesting that Plaintiff was allegedly terminated for any reason other than his failure to falsify unit inspection logs, and in the dearth of any cited authority from Plaintiff suggesting that maintenance of such logs are required under any state statute, regulation, rule of professional conduct, or other source of Colorado public policy, the Court finds that Plaintiff has failed to demonstrate a triable issue of fact as to the second element of his *prima facie* case of wrongful discharge in violation of Colorado public policy.  Accordingly, the Court finds that Plaintiff cannot establish his wrongful discharge claim.

### *3.      Conclusion*

Based on the foregoing it is therefore ORDERED that:

1. PLAINTIFF'S wrongful discharge claim is hereby DISMISSED WITH PREJUDICE under Rule 41(b) and this court's local rules as a sanction for Plaintiff's dilatory litigation conduct; and

2. DEFENDANT's motion for summary judgment on this claim (Doc. # 58) is alternatively GRANTED on its merits.

3. The three-day jury trial in this matter, scheduled to begin November 17, 2008, is hereby VACATED.

After resolution of Defendant's outstanding motion for sanctions (Doc. # 71), which shall be decided at a future date following the parties' completion of briefing of this motion, the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff, dismissing Plaintiff's wrongful discharge claim with prejudice. Defendant may thereafter have its costs by filing a bill of costs within eleven days of the date of that order.

DATED: November __7th__, 2008

BY THE COURT:

*(signature)*
_____
CHRISTINE M. ARGUELLO
United States District Judge